### LOGAN v. BIG SANDY LUMBER CO.

(Circuit Court of Appeals, Fifth Circuit. January 22, 1924.)

No. 3823.

1. **Evidence ⬤461(3)—Admission of evidence that particular lot of lumber was sold held error, where contract was for stated quantity without qualification.**

Where buyer's orders for lumber, stating the minimum and maximum amounts, were accepted by seller without qualification and without identifying any particular lot of lumber, the quantity stated was material and governed the contract, and evidence that the orders referred to a particular lot of lumber was erroneously admitted over buyer's objection.

2. **Sales ⬤150(1)—Seller held to have unequivocally refused to comply with contract as construed by buyer.**

Where a contract for the sale of lumber stated the minimum quantity, corporate seller's letter that its stock of lumber had run short of the amount estimated, and that it deemed the order complete on closing out its stock, coupled with its failure to reply to buyer's letter, insisting on performance and demanding "definite advices" by return mail, *held* to be an unequivocal refusal to perform the contract as construed by buyer, especially in the absence of anything indicating that buyer did not so construe seller's failure to reply.

3. **Sales ⬤418(2)—Damages measured as of time of seller's unequivocal refusal to perform.**

In an action for seller's failure to deliver, damages are to be measured as of the time of seller's unequivocal refusal to perform, and buyer could not enhance the damages by failing longer than a reasonable time after discovering seller's default to take other action by supplying himself with goods similar to that called for by the contract.

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern District of Alabama; William J. Grubb, Judge.

Action by W. W. Logan, doing business as the Merl Lumber Company, against the Big Sandy Lumber Company. Judgment for defendant, and plaintiff brings error. Reversed.

Washington Moody, of Tuscaloosa, Ala., and Ben F. Cameron, of Meridian, Miss. (A. S. Bozeman, of Meridian, Miss., on the brief), for plaintiff in error.

Bernard Harwood, of Tuscaloosa, Ala., and John McKinley, of Eutaw, Ala. (John D. McQueen, of Tuscaloosa, Ala., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error (herein called plaintiff) to recover damages for the alleged failure of the defendant in error (herein called defendant) to ship the minimum amounts of lumber stated in two written orders, dated May 15, 1919, signed by plaintiff, and accepted in writing by defendant. The following is a copy of the body of one of the orders:

Ship to—As directed at time of loading. Via A. G. S. Terms—See below. Inspection—As loaded. F. o. b. Hull, Ala. When—Commencing on or about May 19th. 250,000 feet to 300,000 feet 4/4 dry mill run oak lumber, scoots out, at price of $21.50 per M, f. o. b. cars, Hull, Alabama. Should we desire any stock dressed, price will be $22.50. Should any stock be dead piled, account our inability to load, we are to pay 50 cents per M additional to cover handling charges and agree to pay for stock in full as dead piled. We reserve right to make at least two sortings in loading stock into cars. Terms 98% net value through the Merchants' & Farmers' Bank of this city."

The other order is in the same language, except that the concluding part thereof is as follows:

"When—As soon as order on oak is completed. 150,000 feet to 200,000 feet 4/4 dry full mill run gum lumber, rough or dressed, at price of $22.00 per M, f. o. b. cars, Hull, Alabama. Should any stock be dead piled, account our inability to load, we are to pay 50 cents per M additional to cover handling charges and agree to pay for stock in full as dead piled. Terms same as on order covering oak."

[1] Over objection by plaintiff the court permitted defendant to introduce testimony to the effect that the orders had reference to a particular lot of lumber on defendant's yards at Hull, Ala., less part of that lumber already sold, but not delivered, and that the amounts mentioned in the orders were estimates of such lumber on the yards. The plaintiff made no claim that the defendant was obligated to ship more than the minimum amount of lumber stated in each of the contracts, and the defendant made no claim that it was entitled to require plaintiff to accept and pay for more than those minimum amounts. This being so, questions as to the rights of the respective parties under the option feature of the contracts embodied in the statements of minimum and maximum amounts are not involved in the suit.

The subject of each of the contracts was described lumber, minimum and maximum amounts being stated, but no qualifying words being

used, and there being no mention of any circumstances identifying any particular lumber as that which the parties had in mind. The engagement being without qualification to furnish lumber of a described character to a stated amount, and no circumstances otherwise identifying it being mentioned, the quantity stated is. material, and governs the contract, and a different result cannot properly be reached by the introduction of evidence to the effect that defendant's agreement was other than that expressed in the written instruments. Brawley v. United States, 96 U. S. 168, 24 L. Ed. 622; Peterson v. Chaix, 5 Cal. App. 525, 90 Pac. 948. It follows that the above-mentioned ruling was erroneous.

[2] On August 11, 1919, a letter from the plaintiff to the defendant stated that there was still due to the former part of the minimum amount of lumber covered by each of the orders. That letter was replied to by a letter of defendant to plaintiff, dated August 12, 1919, stating as follows:

"Referring to yours 11th, your orders 591 and 592 covered an estimate of the surplus oak and gum which we had dry at the time Mr. Logan and Mr. Tidwell were here. It seems that an error was made in either figuring up the orders, or in estimating the stock, which caused it to run considerably short. We have not shipped any gum or oak on orders entered since yours, but have. simply been filling some old orders. We feel that, when the dry stock that we had was cleaned up, this completed the order."

On August 21, 1919, plaintiff addressed and sent to the defendant a letter, of the body of which the following is a copy:

"Replying to yours of the 12th, answer to which has been delayed, owing to the writer's absence from the city: We do not agree with you with reference to the question of delivery of stock applying against our orders No. 591 and 592. You accepted our order for a minimum amount of stock to be delivered both in oak and gum, and as a matter of fact negotiated with us after these orders were accepted for the sale of an additional amount of gum. We will expect delivery of the balance of stock due on our orders, and we await your prompt reply in the matter."

On August 29, 1919, plaintiff wrote to the defendant as follows:

"We wrote you people some days ago, with reference to delivery of the balance of stock applying on our orders 591 and 592. We have not as yet been favored with a reply to our letter, and we must insist upon definite advices by return mail, as otherwise we will be compelled to take other action."

The defendant did not reply to the last set out letter. In December, 1919, there was additional correspondence between the parties in reference to the matter. We are of opinion that defendant's letter of August 12th, in connection with its failure to make any reply to plaintiff's letter of August 29th, amounted to an unequivocal absolute refusal to comply with the contracts. Plaintiff's letter of August 29th justified defendant in concluding that its failure to comply with the demand of "definite advices by return mail" would have the effect of a distinct refusal.by it to perform the contracts as they were construed by plaintiff, and would be so understood and acted on by plaintiff, especially in the absence of anything indicating that plaintiff did not so construe defendant's failure to reply to that letter. Dingley v. Oler, 117 U. S.

·490, 6 Sup. Ct. 850, 29 L. Ed. 984; Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285.

[3] The damages are to be measured as of the time of the defendant's unequivocal refusal to perform. Plaintiff could not enhance the recoverable damages by failing longer than a reasonable time after discovering defendant's default "to take other action," by supplying himself with lumber similar to that called for by the contracts. Williston on Contracts, § 1382.

Because of the above-mentioned error the judgment is reversed, and the cause is remanded for a new trial.

Reversed.